WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Offen Petroleum LLC,<br><br>  Plaintiff,<br><br>v.<br><br>L&J Express LLC, et al.,<br><br>  Defendants. | No. CV-25-00061-TUC-JCH (EJM)<br><br>**ORDER** |

Before the Court is Defendant AJMR Distributors, LLC's ("AJMR") Motion for Fees and Costs (the "Motion") (Doc. 121). Plaintiff Offen Petroleum LLC ("Offen") opposes the Motion. (*See* Doc. 122.) For the following reasons, the Court will deny AJMR's Motion (Doc. 121).

**I.    Procedural History**

On July 17, 2025, Offen filed an Application for Writ of Attachment with Notice related to fuel owned by AJMR (the "Application"). (Doc. 99.) AJMR filed its Response (Doc. 102), Offen filed its Reply (Doc. 103), and Magistrate Judge Eric Markovich held a hearing on the Application (*see* Doc. 106). On October 24, 2025, Judge Markovich issued his Report and Recommendation ("R&R), recommending this Court deny Offen's Application. (Doc. 116.) Neither party objected to the R&R, and this Court adopted the R&R in full on November 13, 2025. (Doc. 120.)

On November 25, 2025, AJMR filed the Motion requesting the Court award "its reasonable attorney fees and costs" for opposing Offen's Application "in the amount of

$28,078.40, plus statutory interest as permitted by law." (Doc. 121.) AJMR argues, as the successful party to the Application, it is entitled to fees and costs under A.R.S. § 12-1523(E), which states, "[i]f judgment [in an application for writ of attachment] is for the defendant, the court shall fix and include in the judgment a reasonable attorney's fees." Alternatively, AJMR argues it is entitled to fees under A.R.S. § 12-2411, which provides, "[i]f a hearing is held . . . and . . . no provisional remedy is ordered issued the court may award reasonable attorney's fees to the party against whom the provisional remedy . . . was sought to be issued."

In Response, Offen argues AJMR has no statutory entitlement to fees under either A.R.S. §§ 12-2411 or -1523. (Doc. 122 at 3–4.) Offen also argues that the R&R impliedly denied AJMR's request for fees already and that AJMR's request for fees is premature and procedurally improper. (*Id.* at 4–5.)

## II.     Applicable Law

Federal Rule of Civil Procedure ("Rule") 54(d)(2) permits a party to claim attorney's fees and costs by motion. The motion must be filed within 14 days of entry of judgment, specify the judgment and grounds entitling the movant to the award, state the amount sought, and disclose the terms of any agreement about fees or services. *Id.* Rule 54(a) defines "judgment" as including "a decree and any order from which an appeal lies."

Generally, "[a] district court must have discretion to award fees and costs incident to the final disposition of interim matters." *See Bradley v. Sch. Bd. of City of Richmond*, 416 U.S. 696, 723 (1974). Nonetheless, the Court only found federal caselaw permitting the award of interim attorney fees authorized by statute. *See*, *e.g.*, *Mantolete v. Bolger*, 791 F.2d 784, 786–88 (9th Cir. 1986) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (permitting interim fee award in civil rights cases); *Powell v. U.S. Dep't of Just.*, 569 F. Supp. 1192, 1194 (N.D. Cal. 1983) (same in Freedom of Information Act cases). These cases permitted interim awards where a court's order constituted a determination of "substantial rights of the parties" and "an important matter in the course of litigation." *Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980). Put differently, the party requesting

interim fees needed to "succeed on [a] significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). These courts also require the party requesting interim fees demonstrate that, without an interim fee award, they would experience a hardship by proceeding in litigation. *See Mantolete v. Bolger*, 791 F.2d 784, 786–88 (9th Cir. 1986); *Powell v. U.S. Dep't of Just.*, 569 F. Supp. 1192, 1199 (N.D. Cal. 1983).

### III. Analysis

AJMR requests interim fees under A.R.S. § 12-1523(E) or § 12-2411. However, AJMR has not cited to any case where a court awarded interim attorney fees under either statute. Nor has AJMR demonstrated that this Court's Order (Doc. 120) determined "a significant issue in litigation" or that AJMR would experience a hardship by proceeding in litigation without the fee award. *Hensley*, 461 U.S. at 433; *Mantolete*, 791 F.2d at 786–88. Accordingly, the Court, in its discretion, will deny AJMR's Motion without prejudice to AJMR refiling a renewed motion following a final judgment, if appropriate. *See Yauck v. W. Town Bank & Tr.*, 568 P.3d 386 (Ariz. Ct. App. 2025) (court denied writ of attachment and prevailing party's interim request for fees under § 12-2411, without prejudice to party's ability to refile request at the "conclusion of the proceedings on the merits").

### IV. Order

**IT IS ORDERED denying without prejudice** Defendant AJMR Distributors, LLC's ("AJMR") Motion for Fees and Costs (Doc. 121).

Dated this 9th day of January, 2026.

John C. Hinderaker
United States District Judge