WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Offen Petroleum LLC,<br><br>    Plaintiff,<br><br>v.<br><br>L&J Express LLC, et al.,<br><br>    Defendants. | No. CV-25-00061-TUC-JCH (EJM)<br><br>**ORDER** |

      Before the Court is Magistrate Judge Eric J. Markovich's Report and Recommendation ("R&R") (Doc. 126) on Defendant Midnight Sun Logistics, LLC's ("Midnight Sun") Motion to Dismiss Plaintiff's Complaint (Doc. 24),[1] Defendant Texas Fueling Services, Inc.'s ("Texas Fueling") Motion to Dismiss Pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) (Doc. 43), and Defendant Global Companies LLC's ("Global Companies") Motion to Dismiss Complaint (Doc. 45). Judge Markovich recommends: (1) denying Midnight Sun's motion, (2) granting in part the motions of Texas Fueling and Global Companies and dismissing Plaintiff's Negligence Claim but denying the remainder of the motions. (Doc. 126 at 1, 25–26.) No party objected to the R&R. (*See generally*

---

[1] The Court notes that Midnight Sun's Motion cites to a nonexistent case, contains quoted materials that do not appear in the cited cases, and, in more than one instance, includes case citations that do not support the specific explanatory phrase presented alongside the citation. (Doc. 24 at 5–8.) This is your one warning. Any Counsel's failure to confirm the existence of, as well as the accuracy and veracity of a case or other legal citation is a potential ground for sanctions under Rule 11. *See, e.g., Mavy v. Comm'r of Soc. Sec. Admin.*, No. CV-25-00689-PHX-KML (ASB), 2026 WL 91483, at **6–8 (D. Ariz. Jan. 13, 2026); *Dodge v. FirstService Residential Arizona LLC*, No. CV-24-01550-PHX-SMM, 2025 WL 3653164, at *3 (D. Ariz. Dec. 17, 2025) (compiling cases).

docket.)

A district court reviews objected-to portions of an R&R de novo. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). Failure to timely object may be considered a waiver of a party's right to de novo consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (en banc). The advisory committee's notes to Rule 72(b) state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

After independent review, the Court is satisfied that Judge Markovich's recommendation is sound. The R&R correctly applies the three-part test for determining specific personal jurisdiction under *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). (Doc. 126 at 6–13.) The R&R also correctly applies the Rule 8(a) plausibility standard for analyzing motions to dismiss under Rule 12(b)(6), *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009), and Arizona law when analyzing Plaintiff's state law claims for unjust enrichment and negligence, *see Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011); *Air-Sea Forwarders, Inc. v. Air Asia Co.*, 880 F.2d 176, 186 (9th Cir. 1989). (Doc. 126 at 13–24.) Finally, the R&R correctly applies the Rule 12(e) unintelligibility standard for a motion for a more definite statement. (Doc. 126 at 25.) As such, the Court will adopt the R&R in full.

Accordingly,

**IT IS ORDERED:**

(1) **Adopting** in full the R&R (Doc. 126).

(2) **Denying** Defendant Midnight Sun Logistics, LLC's Motion to Dismiss Plaintiff's Complaint (Doc. 24).

(3) **Granting in part and denying in part** Defendant Texas Fueling Services, Inc.'s Motion to Dismiss Pursuant to Federal Rule Civil Procedure 12(b)(6) (Doc. 43). The

Court's partial dismissal is without prejudice.

(4) **Granting in part and denying in part** Defendant Global Companies LLC's Motion to Dismiss Complaint (Doc. 45). The Court's partial dismissal is without prejudice.

(5) **Granting** Plaintiff leave to amend its Complaint as to the Negligence Claim.

(6) **Withdrawing** the referral to Magistrate Judge Eric J. Markovich. All future filings in this case shall be designated: **CV-25-00061-TUC-JCH**.

Dated this 4th day of February, 2026.

John C. Hinderaker
United States District Judge